UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 1:13-CR-014 |
| | : |
| JEROME MARIO BRITTON, | : |
| Defendant | : |
| | : |

*M E M O R A N D U M*

*I.   Introduction*

Before this Court is Defendant Jerome Britton's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. (Doc 96-1). Defendant seeks relief on five grounds, three that relate to this court's previous denial of his suppression motion, and two that consist of ineffective assistance of counsel claims. (Id. at 2-9). For the reasons that follow, we will deny each of the claims in Defendant's motion.

*II.   Background*

On January 30, 2013, Defendant was indicted on two counts of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), one count of possession of a stolen firearm, 18 U.S.C. §§ 922(j), 924(a)(2), and one count of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1). (Doc. 1 at 1-4). On March 6, 2013, Defendant, then represented by trial counsel, William Fetterhoff, filed a motion to suppress evidence obtained following a search of his home while he was on parole. (Doc. 20). The motion sought to exclude physical evidence recovered from Defendant's home, and argued that Defendant's parole officers did not have "particularized or objective factual information . . . to support a reasonable suspicion that the Defendant had violated any condition of his parole." (Doc. 21 at 6). On April 23, 2013, a hearing was held on Defendant's motion. (Doc. 30). The Government presented the testimony of six law

enforcement officers; Defendant also testified and presented the testimony of his mother and his girlfriend.  (Doc. 32 at 2-3).  In a written opinion, we denied Defendant's motion.  We relied primarily on the testimony of the law enforcement officers, who we found credible, and rejected as "highly suspect" the testimony of Defendant and his witnesses, who were found not credible.  (Id. at 3, 9, 12, 21).

Defendant proceeded to trial and was found guilty of one count of being a felon in possession of a firearm.  (Doc. 60 at 1-2).  On January 28, 2014, Defendant was sentenced to 100 months' imprisonment.  (Docs. 81 & 83).  On February 7, 2014, Defendant appealed to the Third Circuit (Doc. 84), where he argued that this court erred in denying his motion to suppress and that there was insufficient evidence to convict him.  (Doc. 95-1 at 2).  On April 8, 2015, the Third Circuit affirmed Defendant's conviction and this court's denial of his suppression motion, concluding that "the totality of the circumstances gave parole agents reasonable suspicion that [Defendant] had committed a parole violation or a crime, thus justifying a parole search."  (Doc. 94 & 95-1 at 4).

On June 10, 2016, Defendant timely filed the instant motion under 28 U.S.C. § 2255, seeking relief on five grounds. (Doc. 96-1).  Three grounds relate to this court's denial of his suppression motion, while two grounds relate to claims of ineffective assistance of counsel.  (Id. at 2-9).  Specifically, Defendant claims: (1) that this court erred by permitting inadmissible hearsay testimony during the suppression hearing (Claim One); (2) that the evidence presented during the suppression hearing was insufficient to establish reasonable suspicion to search his home (Claim Two); (3) that this court erred by allowing the Government to admit uncorroborated tip information during the suppression hearing (Claim Three); (4) that Defendant's trial counsel was ineffective because counsel

failed to draw the court's attention to a jury instruction; and (5) that trial counsel was ineffective because he advised Defendant not to testify during trial.  (Id.)

After initially reviewing Defendant's motion, we noted that he procedurally defaulted on Claims One and Three because he failed to raise these arguments during his suppression hearing.  (Doc. 98 at 2-3).  We stated that we would not consider these claims unless Defendant showed cause and prejudice.  (Id. at 3).  After noting the limitations on filing second or successive motions under § 2255, we granted Defendant leave to file supplemental briefing to show cause and prejudice.  (Id.).  Having received Defendant's briefing (Doc. 102), we then ordered the Government to respond to Claims Four and Five of Defendant's motion, and also permitted a reply from Defendant.  (Doc. 104).  The motion is ripe for disposition, and we now address each of Defendant's claims.

III.     Discussion

A defendant is generally barred from collaterally attacking his conviction or sentence pursuant to 28 U.S.C. § 2255 if that attack is based upon alleged errors that could have been raised on direct appeal but were not.  See United States v. Frady, 456 U.S. 152, 162–63 (1982).  To avoid the resulting procedural bar, a defendant must prove "both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Id. at 168.  Where a 2255 motion rests on issues not raised at trial or on direct appeal, the defendant bears the burden of demonstrating both "cause" to excuse the procedural default and that "actual prejudice" resulted from the errors at issue.  Id. at 167.  A defendant need not, however, demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel in an initial 2255 motion.  See United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998).

3

Claims One and Three

We first address Claims One and Three of Defendant's motion, which he concedes "were not raised on direct appeal," (Doc. 102 at 1), and, therefore, was required to show cause and prejudice in order to overcome a procedural default. As an initial matter, it is unclear whether Defendant argues (1) that this court erred by permitting hearsay evidence during the suppression hearing and by allowing the Government to introduce uncorroborated tip information; or (2) whether his counsel was ineffective by not raising these arguments to the court at the suppression hearing. (Doc. 102 at 2, 9). In either case, we conclude that both claims lack merit. Defendant has not shown sufficient cause or prejudice to overcome his procedural default, and, to the extent Claims One and Three are framed as ineffective assistance arguments, such arguments are meritless.

To show cause, a defendant must show that some factor external to the defense impeded his counsel's efforts to comply with a procedural rule, such as interference by officials, the unavailability of the factual or legal basis for the claim, or ineffective assistance of counsel. Taccetta v. United States, 975 F. Supp. 672, 677 (D.N.J. 1997) (citing McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). To establish prejudice, a defendant must show not merely that there were errors that "created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. (quoting Frady, 456 U.S. at 170). "Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default." McCleskey, 499 U.S. at 494.

To establish ineffective assistance of counsel, a defendant must show both: (1) counsel's representation fell below an objective standard of "reasonableness under

4

prevailing professional norms;" and (2) the defendant suffered prejudice as a result—that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  In reviewing counsel's performance, we "must be highly deferential," and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (citation omitted).

Here, Defendant argues that a manifest injustice occurred because his counsel was ineffective in not raising two arguments at the suppression hearing against the admission of certain hearsay evidence, resulting in an alleged denial of the right to confront the witnesses against him.  (Doc. 102 at 2-4).  Specifically, under Claim One, Defendant challenges suppression hearing evidence that law enforcement relied on a statement from "some source" that Defendant's mother discussed Defendant's intent to seek revenge against his brother's killer.  (Id. at 3).  Defendant also challenges an uncorroborated Facebook posting that law enforcement relied on in developing a reasonable suspicion to search his home.  (Id. at 5).  Under Claim Three, Defendant maintains that his "counsel failed to raise a colorable claim of a Sixth Amendment right to confront witnesses against him" by not objecting to the admission of "uncorroborated tip information" introduced at the suppression hearing.  (Id. at 9).

In this case, even if the challenged testimony is hearsay and no exception to the hearsay rule applies, there is no bar to the admission of hearsay during a suppression hearing.  To the contrary, "[h]earsay may be considered in a suppression hearing in a

federal court." Brosius v. Warden, 278 F.3d 239, 246 n.4 (3d Cir. 2002) (citing United States v. Raddatz, 447 U.S. 667, 679 (1980)).  Moreover, any objection to the evidence by Defendant's trial counsel at the suppression hearing under the Sixth Amendment's Confrontation Clause would have been equally unavailing, as the Supreme Court has rejected such challenges to the use of incompetent testimony at suppression hearings. See United States v. Matlock, 415 U.S. 164, 174-75 (1974); see also United States v. Boyce, 797 F.2d 691, 693 (8th Cir. 1986) ("[T]he right of confrontation does not apply to the same extent at pretrial suppression hearings as it does at trial.").  Thus, even if defense counsel had objected at the suppression hearing on the basis of hearsay or the Confrontation Clause, those objections would have been meritless.  Defendant's trial counsel would have had no legal basis for objecting, and, as such, counsel's decision not to object and raise meritless arguments does not constitute ineffective assistance.  See Sistrunk v. Vaughn, 96 F.3d 666, 669 (3d Cir. 1996) ("[T]he underlying . . . issue was meritless, and counsel's performance could not, therefore, be deemed ineffective.").

   We conclude that the evidence at the suppression hearing was properly admitted and could be relied on in determining that the parole officers had reasonable suspicion to search Defendant's home.  Defendant was not denied the right to confront the witnesses against him.  Therefore, Defendant has not established sufficient cause or prejudice to overcome his procedural default on Claims One or Three, and, to the extent his arguments rest on ineffective assistance of counsel, both claims are nonetheless devoid of merit.  Reed v. Ross, 468 U.S. 1, 13 (1984) ("Underlying the concept of cause . . . is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel.").

Claim Two

Under Claim Two, Defendant argues that there was insufficient evidence at the suppression hearing to support a reasonable suspicion that he violated the terms of his parole or was engaged in criminal activity. (Doc. 96-2 at 9-11). This sufficiency-of-the-evidence argument was raised both during Defendant's suppression hearing and on direct appeal. (Doc 32 at 16-17); (Doc. 95-1 at 3-4). Our ruling denying Defendant's motion to suppress was affirmed on appeal, and the Third Circuit agreed with our conclusion that parole officers had sufficient reasonable suspicion to enter Defendant's home. (Doc. 95-1 at 3). Therefore, although Defendant has not procedurally defaulted on this claim, we will not re-litigate this issue in his section 2255 proceeding. See United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir.1981) ("Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again . . . under 28 U.S.C. § 2255.").

Claims Four and Five

In Claims Four and Five, Defendant argues that trial counsel was ineffective on two grounds: (1) counsel failed to provide a "theory of defense" jury instruction regarding certain fingerprint evidence admitted at trial; and (2) counsel interfered with Defendant's right to testify. (Doc. 96-2 at 22, 24). We reject these claims.

To prevail on his ineffective assistance claims, Defendant must show that counsel's performance was deficient, and that he was prejudiced by the deficiency. United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005). "Prejudice is established when it has been shown that 'there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.'" Johnson v. United States, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting Strickland, 466 U.S. at 694).

On Claim Four, Defendant argues that trial counsel was ineffective because counsel did not draw the court's attention to an instruction regarding possession of a firearm that would inform the jury that "a person's brief touching or handling of a firearm, without other steps to give him physical custody of or dominion and control over the firearm, is not sufficient to constitute actual or constructive possession."[1]  (Doc. 110 at 3). Defendant argues that such an instruction should have been provided, as he alleges was given in United States v. Tucker, 641 F.3d 1110, 1116 (9th Cir. 2011), because it would have bolstered his case theory by providing an innocent explanation as to how his fingerprint was found on the assault rifle. (Doc. 110 at 2-3). Defendant contends that counsel's failure to request this instruction amounted to ineffective assistance. (Id. at 3).

We do not find that counsel's failure to request this specific instruction amounted to ineffective assistance. The Government and defense counsel proposed jury instructions regarding possession of a firearm, and both requested instructions comporting with the Third Circuit's Model Instruction. (Doc. 46 at 10-11); (Doc. 53 at 2). As such, Defendant's trial counsel acted diligently and did bring to this court's attention a jury instruction concerning firearm possession. The mere fact that the requested instruction did not contain the exact language that Defendant would have preferred does not constitute ineffective assistance, especially when the instruction that counsel requested

---

[1] Defendant's briefing also reflects a sufficiency-of-the-evidence argument regarding his possession of the firearm, (Doc. 110 at 2), which the Third Circuit has already examined and had "no difficulty concluding that . . . a reasonable trier of fact could find guilt beyond a reasonable doubt on the felon in possession count relating to the assault rifle." (Doc. 95-1 at 4). Having already litigated this argument at trial and on direct appeal, we decline to reconsider it. See Orejuela, 639 F.2d at 1057.

was the Third Circuit's model instruction. Counsel was not ineffective for requesting the model instruction instead of the one for which Defendant now argues.

Defendant also does not show prejudice under Claim Four. The instruction given by this court on possession of a firearm at trial mirrored that which was requested by the parties—the Third Circuit's model instruction. (Doc. 106-1 at 13-14). Even if the instruction for which Defendant now argues may have been better for his case, we employ a "highly deferential" standard on collateral review." Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998) (quoting Strickland, 466 U.S. at 689). Under this standard, we find that Defendant's trial counsel's performance was not ineffective under the Sixth Amendment.

Finally, Defendant argues that his trial counsel was ineffective because counsel interfered with Defendant's right to testify. (Doc. 110 at 4). A criminal defendant has a constitutional right to testify on his behalf, Rock v. Arkansas, 483 U.S. 44, 49-53 (1987), and defense counsel has a duty to inform a defendant of this right; however, a defendant may nevertheless waive his right if the decision is "knowing and intelligent." United States v. Pennycooke, 65 F.3d 9, 11 (3d Cir. 1995). Defense counsel "bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide." United States v. Teague, 953 F.2d 1525, 1533 (11th Cir. 1992), cert denied, 506 U.S. 842 (1992). A colloquy is not necessary to determine the validity of a defendant's waiver of his right to testify. Brooks v. Zimmerman, 712 F. Supp. 496, 503 (W.D. Pa. 1989). "[W]here a defendant is aware of and understands his right to testify . . . counsel's alleged failure to call the defendant to the stand does not constitute ineffective assistance of counsel." United States v. Smith, 235 F. Supp. 2d. 418, 424 (E.D. Pa. 2002).

Here, Defendant maintains that he expressed to his counsel his desire to testify, but counsel advised against doing so. (Doc. 96-2 at 28); (Doc. 110 at 5). Attached to Defendant's motion are notarized letters signed by Defendant's grandmother, aunt, girlfriend, and mother. (Doc. 110-1 at 4-6). Defendant's grandmother and aunt aver that, at the time of trial, they were frightened and sad, and expressed to Defendant that he should not testify upon the advice of defense counsel, who told them to "ask [Defendant] not to testify" because counsel believed that "[c]ross examination would be gruesome," that Defendant "would not survive the dreadful cross examination," and that Defendant's mother would be brought in from prison. (Doc. 110-1 at 4). Defendant's girlfriend states that Defendant "was told by his attorney . . . that it would not be good for the trial" if he testified, and that counsel told her same. (Doc. 110-1 at 5). Defendant's mother claims that she and other family members were told by counsel that they should "speak with [Defendant] about him testifying" and that counsel told them "that it would not be a good idea if [Defendant] took the stand because of his prior record." (Doc. 110-1 at 6).

Relying on these letters, Defendant argues that his counsel's "misadvice" not to testify was "unreasonable" and was "not a result of sound strategic choice." (Doc. 110 at 4-5). Defendant states that it was his family "who ultimately convinced [him] that it would not be a good idea that he testify," and that "[t]he choice not to testify was . . . [a result of] the 'pressured influence' of family members reciting counsel's lack of reasoning." (Doc. 110 at 5-6). Upon review of the evidence, we conclude that defense counsel was not deficient in advising Defendant not to testify.

As an initial matter, the trial record is clear that Defendant was advised, in open court, by both defense counsel and this court regarding his right to testify. (Doc. 106 at 16). On the record, the following exchange took place:

> [DEFENSE COUNSEL]: Your Honor, as I previously -- as I did mention previously and should place on the record, *I have advised [Defendant] that he should not testify.* And I'm not certain that [Defendant] agrees with me. *I did tell him it's his right to testify or not testify.* But it has been, although I was uncertain in earlier months about this question, in recent months it has been my firm opinion, which it remains my firm opinion, that he should not testify.
>
> THE COURT: All right. [Defendant], your attorney is advising you that you should not testify. But as he indicated, *it's entirely up to you whether you testify or not. Do you understand that, sir?*
>
> THE DEFENDANT: *Yes, sir.*
>
> THE COURT: All right. Well, if you are going to testify, it will be at 1:15 when we reconvene. Is that my understanding, [Defense counsel]?
>
> [DEFENSE COUNSEL]: Yes, sir.
>
> THE COURT: Okay. All right. So I think we can adjourn until 1:15 at this point. I'd like to talk to counsel before you leave the courtroom.
>
> . . . .
>
> (Recess was taken at 11:55 a.m. and proceedings reconvened at 1:20 p.m.; all parties present.)
>
> THE COURT: Any further witnesses?
>
> [DEFENSE COUNSEL]: No, sir. The defense rests.
>
> THE COURT: Very well.
>
> (Whereupon, the testimony concluded at 1:20 p.m.)

(Doc. 89 at 247-48).

The record and Defendant's certifications make clear that defense counsel and this court fully advised Defendant of his right to testify. The certifications show that Defendant's choice not to testify was a conscious decision that was carefully considered by Defendant, who consulted not only with his attorney, but with family members. The fact that defense counsel, through conversations with Defendant and his family, dissuaded Defendant from exercising his right to testify, and the fact that Defendant now believes that counsel's advice was unreasonable, does not amount to ineffective assistance of counsel, especially when the evidence reveals that several factors were calculatingly considered in making such a strategic decision, such as the risks involved with cross examination and Defendant's criminal history. See United States v. Castillo, 14 F.3d 802, 804–05 (2d Cir. 1994) (concluding that defendant was not denied right to effective assistance of counsel where defendant was advised of right to testify in first trial, but was dissuaded from testifying by counsel in second trial); United States v. Eisen, 974 F.2d 246, 265 (2d Cir. 1992) (holding that defense counsel's decision not to call defendant, despite defendant's repeatedly expressed desire to testify, was not ineffective assistance of counsel, but was a "reasonable tactical decision" by counsel not to "subject [defendant] to all of the risk attendant on cross-examination").

Ultimately, the choice to testify was Defendant's alone, and Defendant understood as much. In its colloquy, this court remarked to Defendant that "it's entirely up to you whether you testify or not." (Doc. 89 at 247). When asked by this court whether or not he understood this right, Defendant stated "yes." (Id.) Defendant then had over an hour to contemplate whether to testify during an ensuing recess and, when court was back

in session, the defense rested.  (Id. at 248).  The evidence shows that Defendant was made aware of his right to testify, that the decision was his alone, and that he chose not do to so; that is all the law requires.  We conclude that defense counsel was not ineffective in advising Defendant of his right to testify, but then dissuading him from exercising that right.  Accordingly, Defendant's second ineffective assistance of counsel claim lacks merit.

IV.	*Conclusion*

Having considered all of the claims, we will issue an order denying Defendant's initial 2255 motion.  (Doc. 96-1).  The order will also deny a certificate of appealability based on the analysis in this memorandum.  However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, see 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from appealing, so long as he also seeks a certificate of appealability from the court of appeals.  See FED. R. APP. P. 22; 3d Cir. Local R. App. P. 22.  An appropriate order will issue.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 20, 2016